

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

ARTHUR CARTER,

    Plaintiff,

v.                                          Case No. 06-cv-01078-HAB-JAG

JOHN LONERGAN,

    Defendant.

_____/

**PLAINTIFF'S OBJECTION TO THE COURT'S MARCH 28TH 2006 ORDER
DIRECTING SCREENING PURSUANT TO 28 USC SECTION 1915A**

    NOW COMES Arthur Carter Plaintiff herein and in pro se, and hereby respectfully objects to the Court's order of March 28th, 2006, directing that "...The Court is required by 28 USC Section 1915A to 'screen' the plaintiff's complaint...". In support thereof plaintiff states as follows:

    1) 28 USC Section 1915A provides in relevant part:

    (a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    2) The key terms of the statute involved here is "...a complaint in a civil action in which a prisoner seeks redress from a govermental entity or officer or employee of a govermental entity. The term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States."Employee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32 [32 USCS § 115, 316, 502, 503, 504, or 505], and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a

Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18 [18 USCS § 3006A].

## ARGUMENT

The issue that must be resolved here is whether 28 USC Section 1915A applies to this case. The district court assumes that it does however, it does not because the Defendant is not a govermental entity or officer or employee of a govermental entity. Section 1915A does not include any contractor with the United States, which the Defendant herein was.

Plaintiff argues that he is not opposed to the hearing to resolve certain matters to the extent involving the logistics in moving this case forward in the most efficient manner possible, however, Plaintiff strongly objects to any consideration of the Defendant being afforded the provisions under 28 USC Section 1915A for the reasons argued supra.

In any event, Plaintiff objects to the Court's order dated March 28th, 2006, and requests that the Court reconsider that order in light of the arguments made supra. Further, Plaintiff moves that further proceedings related to the pending hearing be stayed until such time the Court enters an order on this objection.

## CONCLUSION

WHEREFORE, all premises considered, Plaintiff prays that the forgoing objection is sustained by the Court.

Respectfully submitted,

Arthur Carter, Plaintiff Pro Se

Dated: 4-9-06

## CERTIFICATE OF SERVICE

I, hereby certify that a true correct copy of the foregoing was served via U.S. Mail, postage fully paid on this 9th day of April, 2006, on the following adverse party:

John P. Lonergan, Esquire
Attorney At Law
124 N.E. Madison Avenue
Peoria, Illinois 61602

Arthur Carter