E-FILED
Thursday, 11 May, 2006  12:31:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS



FILED
MAY 11 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR CARTER,<br>     Plaintiff,<br><br>v.<br><br>JOHN LONERGAN,<br>     Defendant. | No.: 06-1071 |

PLAINTIFF'S MOTION TO AMEND/MODIFY OR

RECONSIDER ORDER AND JUDGMENT OF APRIL 27, 2006

PURSUANT TO FED.R.CIV.P. 59(e)

NOW COMES the Plaintiff, Arthur Carter, in pro se, and pursuant to Fed.R.Civ.P. 59(e), and respectfully moves this Honorable Court to Amend/Modify or Reconsider it's Order and Judgment, entered on April 27, 2006, and attached hereto as Appendix 'A'. In support thereof, Plaintiff states:

1) On _February 28th_, 2006, Plaintiff filed suit against Defendant John Lonergan, alleging:

Defendant John Lonergan, Attorney at Law (herein-after "defendant") was appointed to represent Plaintiff for trial and appeal purposes arising from criminal indictment in United States of America v. Arthur Carter, Case No. 01-CR-10041 U.S.D.C., C.D. Ill., Defendant was appointed pursuant to the Criminal Justice Act, 18 U.S.C. Section 3006(A).

Defendant falsely, negligently and intentionally represented to Plaintiff, the United States District Court, and the United States government that he fully and completely investigated Plaintiff's entire criminal file, including but not limited to, available exculpatory discovery, and hearing transcripts to uncover possible claims for consideration of filing a direct criminal appeal. Defendant's negligent acts and omissions have resulted in Plaintiff suffering an ineffective assistance of trial counsel and due process, violations based on the Fifth Amendment to the U.S. Constitution. Further, Defendant's negligent acts and omissions amount to professional legal malpractice and negligence.

I allege that the following of my rights have been violated and that I have suffered legal wrong. The following facts form the basis of my allegations:

Claim One: Fifth and Sixth Amendment Right to Due Process and Effective Assistance of Counsel Injury resulting from professional legal malpractice and negligence.

Supporting Facts: Defendant intentionally failed to investigate and review Plaintiff's entire criminal file, including but not limited to a review of the sentencing transcripts. Counsel had a professional and legal duty to investigate and review Plaintiff's entire criminal case file and was obliged to make a reason-

able inquiry into the sentencing hearing to determine if any constitutional and/or procedural issues existed for appeal. In relevant part, the Criminal Justice Act provides: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from such person's initial appearance before the court through appeals, including ancillary matters appropriate to the proceedings." The express or implied duties of counsel appointed include giving advise or taking actions with respect to the filing of meritorious issues and in placed upon the client, a duty to pursue recognizable avenues for or face a procedural bar to later efforts to do so. It follows that an ingerent part of counsel's responsibility is to consider whether the client's interests require the filing of any and all meritorious issues.

2) On March 15, 2006, this Court entered a Writ of Habeas Corpus Ad Testificandum, commanding in relevant part:

> "We command that you produce the body of Arthur Carter ... before the United States District Court on Monday, May 1, 2006, at 10:30 a.m..."

id., Exhibit A.

3) The stated purpose of the Writ of Habeas Corpus Ad Testificandum was for a merit review hearing pursuant to Title 28 U.S.C. Section 1915A to "screen" Plaintiff's complaint.
id., Exhibit B.

4) On April 9, 2006, Plaintiff filed an objection to this Court's Order under 28 U.S.C. Section 1915A, entitled, "Plaintiff's Objection to the Court's ... Order Directing Screening..." Exhibit C.

Therein the objection, Plaintiff argued that "The issue that [was] [to] be resolved [was] whether 28 U.S.C. Section 1915A applie[d] to this case."
id.

5) On April 17, 2006, this Court entered an Order (Ex. A) which is incorporated here by reference as though fully set forth herein. See Fed.R.Civ.P. 10(c); Rosenblum v. Travelbus.com Ltd., 299F.3d 657, 661 (7th Cir. 2002).

6) This Court reasoned in dismissing this case for failure to state a claim upon which relief can be granted:

> "This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. Section 1915A to "Screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or

the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. Section 1915A.

The plaintiff brings this lawsuit against one defendant, Attorney John Lonergan. While the plaintiff does not specify, it appears he is bringing a lawsuit pursuant to 42 U.S.C. Section 1983. The plaintiff claims the defendant violated his rights under the Fifth and Sixth Amendments.

The plaintiff says the defendant was appointed to represent him in his federal criminal trial. However, the plaintiff claims the defendant did not fully investigate his criminal file and did not adequately represent him in this case. The plaintiff says his counsel was negligent in the performance of his duties.

For the plaintiff to state a claim for relief under Section 1983, he must establish that he was not only deprived of a constitutional right, but also that the alleged deprivation was committed under color of state law. 42 U.S.C. Section 1983. Neither public defenders performing their 'traditional functions as counsel to a defendant in a criminal proceeding' nor private attorney's act under color of state law. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Therefore, the court must dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted."

### Fed.R.Civ.P. 59(e)

7) Fed.R.Civ. P. 59(e), gives this Court express power to reconsider it's judgment. Rule 59(e) provides efficient mechanism by which this Court can correct an otherwise erroneous judgment without implicating appellate process and any motion which enables a trial judge to reconsider validity of judgment and to vacate or alter as he sees fit is valid. Clipper Exxpress v. Rocky Mt. Motor Tariff Bureau, 674 F.2d 1252 (9th Cir. 1982).

Rule 59(e) decision is committed to sound discretion of district judge, Mincey v. Head, 206 F.3d 1106 (11th Cir. 2000), and the purpose of the instant Rule 59(e) motion is to correct manifest errors of fact made by this Court. Hairston v. Alert Safety Light Prods., 307 F.3d 717 (8th Cir. 2002), and a Rule 59(e) motion properly may be used to ask this Court to reconsider it's judgment. United States Labor Party v. Oremus, 619 F.2d 683 (7th Cir. 1980); A.D. Weiss Lithography Co. v. Illinois Adhesive Products Co., 705 F.2d 249 (7th Cir. 1983)

Argument

8) This case was dismissed pursuant to 28 U.S.C. Section 1915A(b)(1), upon a "screening" review under 1915A(a).

9) 28 U.S.C. Section 1915A(a) provides:

> (a) Screening - The court shall review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity of officer or employee of a government entity.

Subsection (b)(1) of 1915A provides:

> (b) Grounds for Dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
>
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted.

10) Here, in the instant case, first the "screening" required under Section 1915A(a), did not apply.

Under the plain language of Section 1915A(a), the statute applies to "...a complaint in a civil action in which a prisoner seeks redress from a <u>governmental entity or officer or employee of a governmental entity</u>." (emphasis stressed.) See History of

28 U.S.C. Section 1915A; Added by Pub. L. 104-134, Section 101(a), Apr. 26, 1996, 110 Stat. 1321-75. Amended by Pub. L. 104-140, May 2, 1996, Section 1(a), 110 Stat. 1327.

11) The Defendant in this case is a private practicing attorney and under absolutely no circumstance does the Defendant or his corporation qualify as a "governmental entity or officer or employee of a governmental entity." N.L.R.B. v. Coca-Cola Bottling Co., of Louisville, 76 S.Ct. 383 (1956); Helvering v. Powers, 55 S.Ct. 171 (1934); U.S. v. Hartwell, 73 U.S. 385 (1867). Therefore, Section 1915A(a) does not apply in this case.

12) Further, Subsection (b)(1) of Section 1915A - Grounds for Dismissal provides:

> "On review, the Court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim on which relief may be granted."

This Court has not ruled that this suit was "frivolous" or "malicious," but instead that it fail[ed] to state a claim upon which relief could be granted. Ex. _____.

13) This Court claims to have "screened" this case under a legally inapplicable statute, i.e., Section 1915A(a), and courts in the Seventh Circuit apply the same standard under Section 1915A as when addressing a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

14) A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings

drafted by lawyers. Accordingly, pro se complaints are liberally construed. Haines v. Kerner, 404 US 519 (1972).

15) In the instant case, Plaintiff filed suit against Defendant John Lonergan, Attorney at Law in private practice, licensed by the state of Illinois, for "Professional legal malpractice and negligence." id., Ex. _____ @ D - Cause of Action. The jurisdiction of this Court was invoked pursuant to 28 U.S.C. Section 1332(a)(1).

16) To state a claim for legal malpractice under Illinois law, a plaintiff must allege (1) an attorney-client relationship that establishes a duty on the part of the attorney; (2) a breach of that duty by a negligent act or omission; (3) proximate cause establishing that "but-for" the attorney's malpractice, the plaintiff would not have been injured; and (4) actual damages. See Michael v. Scain, Fursel & Burney, Ltd., 332 Ill. App. 3d 618, 620, 773 N.E.2d 1192, 266 Ill. Dec. 122 (2002).

17) Plaintiff's complaint, liberally construed, states a claim for legal malpractice under Illinois law. See Appendix _____.

The elements required to state a claim for legal malpractice were in fact put forth in a short and plain statement of the claim(s) showing that Plaintiff was entitled to relief. Fed.R.Civ.P.8(a)(2).

In viewing ("screening") the complaint on a motion to dismiss. *(1) [1915A(a) merit review hearing], no more was required of Plaintiff's allegations of private attorney professional legal

---

* (1) This was of course, considering Arguendo, 1915(a) applied.

malpractice than what would satisfy Rule 8's notice pleading minimum and ultimately that Plaintiff had standing under Michael, 332 Ill. App. 3d 618, 620, 773 N.E. 1192, 266 Ill. Dec. 122 (2002). See, Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001)(citations, quotations marks and ellipses omitted.)

18) In it's Order dismissing this case for "failure to state a claim upon which relief can be granted," Ex. \_\_\_\_\_, this Court held inter alia, "...while the Plaintiff does not specify, it appears he is bringing a lawsuit pursuant to 42 U.S.C. [Section] 1983... For the Plaintiff to state a claim for relief under [Section] 1983, he must extablish that he was not only deprived of a constitutional right, but also that the alleged deprivation was committed under color of state law..." Ex. \_\_\_\_\_.

19) first, Plaintiff argues that he never filed suit under Section 1983. Factually, this suit was brought pursuant to 28 U.S.C. Section 1332(a)(1). See complain Ex. \_\_\_\_\_, hereto at p. 2, B - Jurisdiction.

20) 28 U.S.C. Section 1332(a)(1) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between - (1) Citizens of different States."

The complaint in this case, meets all the requirements of Section 1332(a)(1), i.e., the matter in controversy exceeds the sum of $75,000.00, i.e., plaintiff has requested compensatory damages in the amount of $2,500,000.00 and punitive damages in the amount

of $5,000,000.00, and the suit is between citizens of different states.

Clearly, the court's recharacterization of the jurisdiction invoked by claimant is erroneous and has had serious consequences for Plaintiff, i.e., the dismissal of the complaint for failure to state a claim under a jurisdictional statute which was never invoked by the Plaintiff.

In light of these consequences, a court cannot so re-characterize a pro se litigant's complaint unless the court informs the litigant of it's intent to recharacterize, warns the litigant that the recharacterization would subject claimant to dismissal for failure to state a claim. See Castro v. United States, 540 US 375, 784 (2003). Further, it is clear, that the authority cited by this Court, i.e., Polk County v. Dodson, 454 US 312, (1981) is distinguishable from the circumstances of this case in that the Defendant herein is an attorney practicing privately, albeit under contract to the United Staes District Court for the Central District of Illinois. In determining whether party is independent contractor or government employee, the test to be applied is extent to which government controls or can control work of the party in question. Wright v. United States, 537 F.Supp. 568 (Northern Dist. of Ill. 1982).

Within the context of our legal system, the duties of a defense lawyer are those of a personal counselor and advocate.

It is often said, that lawyers are, "officers of the court." But the Courts of Appeals are in agreement that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor, "under color of state law." In our system, a defense lawyer characteristically opposes the designated representatives of the state. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness, but it posits that a defense lawyer best serves the public, not by acting on behalf of the state, or in concert with it, but rather by advancing, "the undivided interests of his client."

It appears that Section 1915A(a), "screening," is a mechanism designed by Congress to afford specific governmental entities and employees a sort of shield and/or form of immunity from frivolous and malicious lawsuits, however, that some government employees be afforded such shield and/or immunity, should only be extended to those in positions that have a common law history of such shield and/or immunity. See, e.g., Pierson v. Ray, 386 US 547, 554, 555 (1967).

Therefore, it is clear, that although attorneys such as the Defendant herein, are generally licensed by the states they are not officials of the government by virtue of being attorneys. Further, it is the constitutional obligation of this Court to respect both the jurisdiction invoked by Plaintiff and the professional independence of an attorney whom engages in negligent malpractive in his or her profession.

## CONCLUSION

Based on all of the above, it is clear that this Court has patently misunderstood the jurisdiction invoked by Plaintiff.

**Further,** this Court has made a decision outside the jurisdictional **adversarial** issues presented to this Court by Plaintiff, and a **motion** to reconsider under Rule 59(e) is properly used here. Johnson v. Richmond, 102 FRD 623, 39 FR Serv 2d 1430. Additionally, **a Rule** 59(e) motion serves to correct manifest errors of law or **fact,** and Plaintiff respectfully requests that this Honorable Court reconsider it's Order and Judgment dismissing this case, and **reinstate** this case on the civil docket for further proceedings for **good cause** shown.

Respectfully submitted,

May 4th 06
Date

Arthur Carter

CERTIFICATE OF SERVICE

I, Arthur Carter, a federal prisoner, confined at the United States Penitentiary, Terre Haute, Indiana, do hereby declare pursuant to 28 U.S.C. Section 1746, that on this 4th day of May, 2006, I deposited one original and three copies of the foregoing Rule 59(e) motion, addressed as follows:

John M. Waters, Clerk
U.S.D.C.
309 U.S. Court House
100 N.E. Monroe Street
Peoria, IL 61602

John P. Lonergan
Attorney at Law
124 N.E. Madison Ave.
Peoria, IL 61602

May 4th 06.

Dear Clerk!

I will be sending the exhibits to this motion in the following week. Thank you for your ~~patients~~ and please proceed to File ~~this motion~~ for Consideration of the Court!

Arthur R. Cantu

Clerk also may I have copies of all motions and filings of this Civil Case thus far, plus a copy of this motion as well if at all Possible.