UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ARTHUR CARTER,
          Plaintiff,

vs.                                                   06-1078

JOHN LONERGAN,
          Defendants.

## MERIT REVIEW ORDER

      In order to expedite the disposition of this case and to establish early and continuing control so that this case will not be protracted because of lack of management, pursuant to Fed. R. Civ. Pro. Rule 16, this court now performs a merit review of the plaintiff's complaint.

      The plaintiff has commenced an action against his former attorney, John Lonergan, who represented the plaintiff at various points in a criminal action in the Central District of Illinois in a proceeding docketed as No. 1 :01 -cr-10041. The Honorable Michael M. Mihm presided over the criminal action. The plaintiff seeks compensatory and punitive damages in the amount of $2,500,000 and $5,000,000, respectively. Further, he wants Lonergan to be disbarred from legal practice for a period of no less than five years. He alleges that he is a citizen of the State of Indiana and that the defendant is a citizen of the State of Illinois. He claims that this court has subject matter jurisdiction over his claims by virtue of its diversity jurisdiction, conferred by 28 U.S.C. §1332(a)(1). That statute provides that the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states.

      In his complaint, the plaintiff claims that Lonergan committed legal malpractice during his representation of the plaintiff in the criminal case noted above. The plaintiff claims that Lonergan's negligent acts and omissions resulted in plaintiff "suffering ineffective assistance of trial counsel and due process, violations based on the Fifth Amendment to the U. S. Constitution." Further, the plaintiff claims that the defendant's negligent acts and omission amounted to professional legal malpractice and negligence.

      The court takes judicial notice that after a jury trial, Arthur Carter was convicted of drug related offenses in 1-cr-10041 and sentenced to life in prison. Carter filed an appeal from the judgment and conviction in the Seventh Circuit Court of Appeals. The Seventh Circuit affirmed the District Court's judgments and convictions. Carter then brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The motions were denied. Further, Judge Mihm declined to issue a Certificate of Appealability. The Seventh Circuit also denied Carter's requests for Certificates of Appealability and denied his request for Rule 40 rehearings. Carter then filed a Notice and Preservation of Issues Related to Sentencing Pending Retroactivity

Decision in *Booker v. United States*. The motion was denied on January 24, 2006. Carter followed up with a Motion for Relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on March 20, 2006. Judge Mihm denied the motion. *See* case 1-cf-10041, Judge Mihm's March 28, 2006 order, d/e 143. The plaintiff, apparently, is currently serving the life sentence in the Federal Bureau of Prisons facility located in Terre Haute, Indiana.

## Discussion and Conclusion

In this case, the plaintiff is suing a private attorney who was performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. The attorney was not acting under color of state and the plaintiff does not allege that he was. The plaintiff claims that this court has subject matter jurisdiction over his claims by virtue of its diversity jurisdiction, conferred by 28 U.S.C. §1332(a)(1). Assuming his allegations are true, this court finds it has jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. §1332(a)(1).

The plaintiff couches his claims in terms of negligence and constitutional violations. However, it does not make a difference. The plaintiff's entire lawsuit is barred by the rule in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). *Heck* announced the rule that a prisoner may not bring an action for damages under Section 1983 for a wrongful conviction unless that conviction already has been determined to be wrongful. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents an inmate from bringing an action that--even if it does not directly challenge the conviction--would imply that his conviction was invalid. The rationale and conclusion of *Heck* also apply in Bivens actions. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996). The practical importance of the *Heck* rule is that the conviction must be attacked successfully before a Section 1983 or Bivens action for damages may be filed. Although this plaintiff did not file his lawsuit pursuant to either 1983 or as a Bivens action, the *Heck* principle still applies to his case. A decision in this case favorable to Carter would imply that his conviction was invalid. Therefore, his damages claim cannot proceed because it is barred by the *Heck* rule.

Further, the Seventh Circuit has held that a prisoner may not bring a civil rights suit when a favorable outcome of the suit would necessarily undermine the prisoner's conviction in *Codling v. Trgovich*, 182 F.3d 921, 921 (7th Cir.(Ind.) 1999); and *Rooding v. Peters*, 92 F.3d 578, 580-81 (7th Cir.1996); *see also Clemente v. Allen,* 120 F.3d 703 (7th Cir. (Ind.) 1997). A successful outcome to the plaintiff's lawsuit would necessarily imply that his conviction and sentence in his criminal case is invalid. Therefore, the plaintiff cannot bring this lawsuit until his underlying conviction and sentence have been reversed, vacated, or otherwise invalidated. Until then, his entire lawsuit is barred.

Finally, the fact that the plaintiff seeks the disbarment of Lonergan, as well as damages from him does not require that this case go forward because the court is without power to order the requested relief. That is, this court cannot order the disbarment of an attorney. The court will not retain jurisdiction over an action in which it cannot grant the requested relief.

**It is ordered:**

1. **The plaintiff's petition to proceed in forma pauperis, d/e 1, is allowed.**
2. **The clerk of the court is directed to file the plaintiff's complaint, forthwith.**
3. **Based on *Codling v. Trgovich*, 182 F.3d 921, 921 (7th Cir.(Ind.) 1999); *Rooding v. Peters*, 92 F.3d 578, 580-81 (7th Cir.1996)and *Clemente v. Allen,* 120 F.3d 703 (7th Cir. 1997), the plaintiff's lawsuit is dismissed in its entirety.**
2. **The clerk of the court is directed to terminate this lawsuit in its entirety, forthwith.**
3. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may accumulate a strike under 28 U.S.C. 1915(g). The plaintiff if advised that the appellate filing fee is currently $455.00.**

**Enter this 5th day of February 2007.**

                               s\Harold A. Baker
                    _____
                           **HAROLD A. BAKER**
                  **UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ARTHUR CARTER,
    Plaintiff,

vs.            06-1078

JOHN LONERGAN,
    Defendants.

## MERIT REVIEW ORDER

In order to expedite the disposition of this case and to establish early and continuing control so that this case will not be protracted because of lack of management, pursuant to Fed. R. Civ. Pro. Rule 16, this court now performs a merit review of the plaintiff's complaint.

The plaintiff has commenced an action against his former attorney, John Lonergan, who represented the plaintiff at various points in a criminal action in the Central District of Illinois in a proceeding docketed as No. 1 :01 -cr-10041. The Honorable Michael M. Mihm presided over the criminal action. The plaintiff seeks compensatory and punitive damages in the amount of $2,500,000 and $5,000,000, respectively. Further, he wants Lonergan to be disbarred from legal practice for a period of no less than five years. He alleges that he is a citizen of the State of Indiana and that the defendant is a citizen of the State of Illinois. He claims that this court has subject matter jurisdiction over his claims by virtue of its diversity jurisdiction, conferred by 28 U.S.C. §1332(a)(1). That statute provides that the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states.

In his complaint, the plaintiff claims that Lonergan committed legal malpractice during his representation of the plaintiff in the criminal case noted above. The plaintiff claims that Lonergan's negligent acts and omissions resulted in plaintiff "suffering ineffective assistance of trial counsel and due process, violations based on the Fifth Amendment to the U. S. Constitution." Further, the plaintiff claims that the defendant's negligent acts and omission amounted to professional legal malpractice and negligence.

The court takes judicial notice that after a jury trial, Arthur Carter was convicted of drug related offenses in 1-cr-10041 and sentenced to life in prison. Carter filed an appeal from the judgment and conviction in the Seventh Circuit Court of Appeals. The Seventh Circuit affirmed the District Court's judgments and convictions. Carter then brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The motions were denied. Further, Judge Mihm declined to issue a Certificate of Appealability. The Seventh Circuit also denied Carter's requests for Certificates of Appealability and denied his request for Rule 40 rehearings. Carter then filed a Notice and Preservation of Issues Related to Sentencing Pending Retroactivity

Decision in *Booker v. United States.* The motion was denied on January 24, 2006. Carter followed up with a Motion for Relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on March 20, 2006. Judge Mihm denied the motion. *See* case 1-cf-10041, Judge Mihm's March 28, 2006 order, d/e 143. The plaintiff, apparently, is currently serving the life sentence in the Federal Bureau of Prisons facility located in Terre Haute, Indiana.

### Discussion and Conclusion

In this case, the plaintiff is suing a private attorney who was performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. The attorney was not acting under color of state and the plaintiff does not allege that he was. The plaintiff claims that this court has subject matter jurisdiction over his claims by virtue of its diversity jurisdiction, conferred by 28 U.S.C. §1332(a)(1). Assuming his allegations are true, this court finds it has jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. §1332(a)(1).

The plaintiff couches his claims in terms of negligence and constitutional violations. However, it does not make a difference. The plaintiff's entire lawsuit is barred by the rule in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). *Heck* announced the rule that a prisoner may not bring an action for damages under Section 1983 for a wrongful conviction unless that conviction already has been determined to be wrongful. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents an inmate from bringing an action that--even if it does not directly challenge the conviction--would imply that his conviction was invalid. The rationale and conclusion of *Heck* also apply in Bivens actions. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996). The practical importance of the *Heck* rule is that the conviction must be attacked successfully before a Section 1983 or Bivens action for damages may be filed. Although this plaintiff did not file his lawsuit pursuant to either 1983 or as a Bivens action, the *Heck* principle still applies to his case. A decision in this case favorable to Carter would imply that his conviction was invalid. Therefore, his damages claim cannot proceed because it is barred by the *Heck* rule.

Further, the Seventh Circuit has held that a prisoner may not bring a civil rights suit when a favorable outcome of the suit would necessarily undermine the prisoner's conviction in *Codling v. Trgovich*, 182 F.3d 921, 921 (7th Cir.(Ind.) 1999); and *Rooding v. Peters*, 92 F.3d 578, 580-81 (7th Cir.1996); *see also Clemente v. Allen,* 120 F.3d 703 (7th Cir. (Ind.) 1997). A successful outcome to the plaintiff's lawsuit would necessarily imply that his conviction and sentence in his criminal case is invalid. Therefore, the plaintiff cannot bring this lawsuit until his underlying conviction and sentence have been reversed, vacated, or otherwise invalidated. Until then, his entire lawsuit is barred.

Finally, the fact that the plaintiff seeks the disbarment of Lonergan, as well as damages from him does not require that this case go forward because the court is without power to order the requested relief. That is, this court cannot order the disbarment of an attorney. The court will not retain jurisdiction over an action in which it cannot grant the requested relief.

**It is ordered:**

1. The plaintiff's petition to proceed in forma pauperis, d/e 1, is allowed.
2. The clerk of the court is directed to file the plaintiff's complaint, forthwith.
3. Based on *Codling v. Trgovich*, 182 F.3d 921, 921 (7th Cir.(Ind.) 1999); *Rooding v. Peters*, 92 F.3d 578, 580-81 (7th Cir.1996)and *Clemente v. Allen,* 120 F.3d 703 (7th Cir. 1997), the plaintiff's lawsuit is dismissed in its entirety.
4. The clerk of the court is directed to terminate this lawsuit in its entirety, forthwith.
5. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may accumulate a strike under 28 U.S.C. 1915(g). The plaintiff if advised that the appellate filing fee is currently $455.00.

**Enter this 5th day of February 2007.**

                                               s\Harold A. Baker
                                    _____
                                           **HAROLD A. BAKER**
                            **UNITED STATES DISTRICT JUDGE**