E-FILED
Tuesday, 20 February, 2007  05:26:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS



FILED
FEB 20 2007
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ARTHUR CARTER       ]
    Plaintiff,      ]   06-1078
                    ]
                    ]
        vs.         ]
                    ]
JOHN LONERGAN,      ]
    Defendant.      ]

## PLAINTIFF'S MOTION PURSUANT TO RULE 59(e)

**Comes Now,** the Plaintiff ARTHUR CARTER, in a motion pursuant to **Fed. R. Civ. P. 59(e)**, which gives this court the express power to reconsider its judgments issued in a case. See **United States Labor Party v. Oremus, 619 F.2d 683.**

On Febuary 5,2007, this court issued an **O R D E R** that denied the Plaintiff ARTHUR CARTER'S suit pursuant to 28 U.S.C. § 1332(a)(1), based on the merits of the case.

The Plaintiff now ask this Honorable Court to reconsider that Order, because it was in error.

The Plaintiff also ask this court two pairs of foundation questions in support of his motion for reconsideration under **Fed. R. Civ. P. 59(e).**

One (1) "Is this court's ruling a question of law? If it is, then what law tells this court that the principle in Heck applies in a 28 U.S.C. § 1332(a)(1) claim." Second, "Or is the ruling of this court a question of fact? If it is, then on what evidence does this court rely on to find that Heck apply to 28 U.S.C. §1332(a)(1)." To this end, Heck bars only a defendant from maintaing a 1983 and **Bivens action** and not a claim under 28 U.S.C. § 1332(a)(1).

Therefore it is the Plaintiff's understanding that if Congress had intended for the principle in Heck to apply to all civil actions the Supreme Court would have said so in Heck, but they included only two civil statute's that they believed would apply to this general rule.

The Seventh Circuit has also consistently held that an attorney's negligence is not grounds for relief under a Rule 60(b)(1) motion, and has indicated that "the remedy for a client who suffers... because of the negligence of his attorney is a malpractice action." See **Reinsurance, 902 F.2d at 1278, n.1.** See also **Nelson v. City Colleges of Chicago, 962 F.2d 754, 756 (7th Cir.1992)** ("attorney's conduct must be imputed to his client in any context").

In **Daniels v. Brennan, 887 F.2d 783 (7th Cir.1989)** that an attorney's negligence is never grounds for relief.

In **Wilkinson v. Dotson**, 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) two state prisoners challenged the constitutionality of Ohio's state parole procedures under § 1983. The Court noted: "Success for the [Plaintiff] means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term." **Id. at 82.** The focus remained on whether the § 1983 claim "necessarily" implicated the fact or duration of confinement.

In this case the Plaintiff's civil claims in no way implicate the fact or duration of his confinement. Furthermore, for the Plaintiff ARTHUR CARTER to even overturn his conviction, "he would have to initiate an entirely separat action at some future state, in which he would have to argue for his release upon the basis of a separate constitutional violation altogether." Therefore, any successful outcome in this action would not imply that his conviction and sentence in his criminal case is invalid.

## CONCLUSION

Relief in this case is therefore available, without implying the "invalidity" of the conviction. The Plaintiff ARTHUR CARTER therefore request that this court reconsider its Febuary 5,2007, judgment in this matter.

## PROOF OF SERVICE BY MAIL

I, ARTHUR CARTER, the Plaintiff in this matter do hereby state under the penalty of perjury that on this 13th day of Febuary 2007, I sent a true copy of this Rule 59(e) motion to this Honorable Court by way of mail, by placing it into the hand's of Prison Staff here at Terre Haute mail room with postage being pree paid.

Mr. Arthur Carter Pro Se
Reg.No. 20541-424
P.O.Box 12015
Terre Haute, IN 47801

PROCESSED FEB 15 2006